**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

TERRY L. DAVIS,                                )
        Plaintiff,                            )
                                                      )
v.                                                       )          No. 3:11-CV-12
                                                      )          (Phillips/Guyton)
MICHAEL J. ASTRUE,                        )
COMMISSIONER OF SOCIAL SECURITY,   )
        Defendant.                            )

## <u>MEMORANDUM OPINION</u>

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 17] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 16]. Magistrate Judge Guyton found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning August 28, 2006. The claim was denied by the administrative law judge (ALJ) on September 29, 2009. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review

of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ erred in failing to find his impairments would meet or medically equal Listing of Impairments 1.02A. Listing 10.2A requires plaintiff to establish (1) gross anatomical deformity (subluxation, contracture, bony or fibrous ankylosis, instability); (2) chronic joint pain; (3) stiffness; (4) signs of limitation of motion or other abnormal motion of the affected joint; (5) imaging findings of joint space narrowing, bony destruction, or ankylosis of the affected joint; and (6) involvement of the hip, knee or ankle that results in inability to ambulate effectively, as defined in 100B2b. 20 C.F.R. pt. 404, subpt. P, app. 1 § 102.A. The "inability to ambulate effectively" as defined in Listing 1.00B2b means:

> an extreme limitation of the ability to walk; *i.e.,* an impairment that interferes very seriously with the individual's ability to independently initiate, sustain or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the function of both upper extremities.

20 C.F.R. pt. 404, subpt. P, 1 § 1.00B2b.

Here, plaintiff failed to show that he cannot ambulate independently without the use of a hand-held assistive device that limits the functioning of both of his arms, a necessary element in showing that he met Listing 1.02A. Plaintiff testified that he used a

cane for ambulation, which would only limit the functioning of one arm. In fact, in questioning the Vocational Expert, plaintiff's counsel suggested that plaintiff's cane only required the use of one hand. Thus, plaintiff failed to meet his burden and show he used an assistive device that limited the functioning of both his arms. Moreover, plaintiff testified that with his cane he was able to walk for twenty minutes at a time on a flat surface; he could climb ten to fifteen steps; and stand for thirty minutes. Plaintiff further testified that he could drive around town and that he frequently drove to the bank for his dad, showing he was capable of traveling without companion assistance. Plaintiff failed to show he was unable to ambulate effectively, as defined in Listing 1.00B2b. The court finds that substantial evidence supports the ALJ's finding that plaintiff did not meet or equal Listing 1.02A, and plaintiff's objection is **overruled.**

Next, plaintiff argues that the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence. The ALJ found a RFC of light and sedentary work, except that plaintiff cannot use his right leg to manipulate foot pedals; he is limited to standing and walking for two hours total per day for thirty minute increments; and he could sit for six hours per day for thirty minute increments. Based on this RFC, the Vocational Expert testified that there were jobs in significant numbers in the national economy which plaintiff could perform. Although plaintiff hurt his right knee ten years prior to the hearing, the record contains very little medical evidence regarding his alleged knee problems. X-rays of his knee in August 2008 showed osteoarthritis and he received a pain injection. Plaintiff testified that he took no other pain relievers, including over the counter

medication due to lack of funds. Plaintiff's assertion that he could not afford treatment for his knee is belied by his testimony that he drank a six-pack of beer a day and evidence that he smoked two packs of cigarettes a day. Therefore, there is substantial evidence from which the ALJ could find that plaintiff's complaints of knee pain were not credible and that plaintiff retained the RFC for a range of light and sedentary work. Plaintiff's objection is **overruled.**

Last, plaintiff argues that the ALJ erred in failing to obtain a medical opinion regarding the effect of plaintiff's knee impairment on his ability to work. However, the decision to order a consultative examination is made when the ALJ needs additional information, such as clinical or laboratory test results in order to make a disability determination, or when a conflict or ambiguity in the evidence must be resolved. 20 C.F.R. § 416.919a. The agency is not required to purchase examinations to follow up every potential lead, but only to ensure that there is sufficient information in the record so that a disability determination can be made. 20 C.F.R. § 416.919f. In the view of the court, the record provided sufficient evidence for the ALJ to make an informed decision, and the ALJ was not required to obtain any further medical opinion. Plaintiff's objection is **overruled.**

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**


_____s/ Thomas W. Phillips_____
United States District Judge